IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATHANIEL BURRESS,

    Petitioner,

v.                                                        Civil Action No. 5:05CV37
                                                         Criminal Action No. 5:04CR31
                                                          (JUDGE STAMP)

UNITED STATES OF AMERICA,

    Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 24, 2005, the *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. By Order entered on April 25, 2005, the Court ordered the respondent to answer the motion. On June 8, 2005, the United States filed its response to petitioner's motion. Petitioner filed a reply June 29, 2005, a Motion to Appoint Counsel November 4, 2005, a Motion for Summary Judgment June 27, 2006, a Motion for Default Judgment August 30, 2006, a Motion to Reduce Sentence November 1, 2006, and a Motion for Leave to File an Amended Pleading November 30, 2006.

### II. FACTS

**A.**    **Conviction and Sentence**

On November 3, 2004, the petitioner signed a plea agreement by which he agreed to plead guilty to an information charging conspiracy to distribute in excess of five grams of cocaine base in violation of Title 21, United States Code, Section 841(b)(1)(B). In the plea agreement, the parties stipulated to total drug relevant conduct of between 35 and 50 grams of cocaine base, also known as crack. Additionally, the petitioner waived his right to appeal and to collaterally attack his

sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> Mr. Burress is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) including any enhancements under Section 4B1.1 of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attach [sic], including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The United States waives the right to appeal the sentence of Mr. Burress, if the base offense level is determined to be 30 or greater. The parties have the right during any appeal to argue in support of the sentence. (Doc. No. 3, p. 4).

On November 16, 2004 petitioner entered his plea in open court. During the plea hearing, the government presented the testimony of Christopher D. Barbour, a special agent with the Drug Enforcement Agency, to establish a factual basis for the plea. (Plea transcript pp. 22-23). The petitioner did not contest the factual basis of the plea. (Id. at 24).

After the Government presented the factual basis of the plea, the petitioner pled guilty to Count 1 of the information. (Id.). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 24-25) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) Finally, the petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 25-26).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the one count information were established beyond a reasonable doubt (Id. at 26) The petitioner

did not object to the Court's finding.

On January 11, 2005, the petitioner appeared before the Court for sentencing. The Court sentenced the petitioner to a term of 121 months imprisonment and eight years supervised release.

**B.     Appeal**

None.

**C.     Federal Habeas Corpus**

Petitioner asserts ineffective assistance of counsel as the only ground for his motion. Specifically, petitioner claims his counsel: 1) did not argue petitioner was innocent to the Court; 2) did not argue that petitioner was under the influence of crack cocaine and alcohol when petitioner made a statement to the Task Force and DEA when he was arrested; 3) did not explain the plea agreement to petitioner; 4) let the Assistant United States Attorney and DEA question petitioner until petitioner lied to the Assistant United States Attorney and DEA to get them to stop questioning him; and 5) did not address the fact that petitioner could prove his innocence because he did not commit the crime listed in the plea agreement.

**Respondent's Contentions**

Respondent contends petitioner's argument does not establish ineffective assistance of counsel.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

## III. ANALYSIS

A.  **Ineffective Assistance of Counsel**

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Whether counsel's performance was deficient is measured by an objective reasonableness standard. Id. A defendant must demonstrate prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 698.

In evaluating a post guilty plea argument of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir.), cert. denied, 488 U.S. 843 (1988).

## IV. DISCUSSION

Petitioner argues only the bald assertion that his counsel was ineffective. Petitioner has come forward with no evidence that his claim has merit. Nor can he claim ignorance of the

4

consequences of his plea. The plea agreement was summarized at the plea hearing (Plea Transcript, pp. 6-10). Petitioner stated he agreed with all the terms of the plea agreement and reviewed the plea agreement with his lawyer prior to signing it. (Id. at 10). Petitioner understood there was a mandatory minimum sentence of ten (10) years under the plea agreement (Id. at 16). Petitioner testified he fully understood the consequences of his plea. (Id. at 21). Petitioner had no additions or corrections to the factual basis for the plea. (Id. at 24). Petitioner stated that his attorney adequately and effectively represented him and had left nothing undone. (Id. at 25). Finally, petitioner said he had no defense to the charges and he was, in fact, guilty of the crime charged. (Id. at 26). Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of competence. Strickland, at 687-91. Accordingly, he has failed to show how counsel's performance was deficient, and therefore, he cannot show how his defense was prejudiced. Finally, the petitioner has made no allegation that but for the alleged deficiencies of his counsel, he would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 59. Thus, the petitioner's claim of ineffective assistance of counsel is without merit.

Prior to the sentencing hearing the Court addressed a letter sent to the Court by Petitioner. (Sentencing hearing transcript, p. 32). The Court heard from petitioner's counsel, the Assistant United States Attorney, and the petitioner. (Id. at 31-44). The petitioner stated he did not want to

5

withdraw his guilty plea, but he did want new counsel (Id. at 33). Petitioner stated some of the arguments he has made in this petition, namely that he was under the influence of crack cocaine when he made his statements to Assistant United States Attorney Bernard and DEA Agent Barbour when he was arrested, that he succumbed to pressure when he later made statements to the government, and that there were things he did not understand some elements of the plea agreement. (Id. at 33-34). Nevertheless, petitioner again admitted he was guilty of the crime charged and not under the influence of crack cocaine at the plea hearing. (Id. at 33-35). The Court for a second time reviewed the major elements of a Rule 11 hearing. Petitioner confirmed his guilt to the crime charged and wanted to enter a plea. (Id. at 33, 38). The sentencing confirmed a second time that the plea was knowing, intelligent and voluntary. (Id. at 44-46). There simply is no basis for petitioner's claim of ineffective assistance of counsel. Defendant's sentence was one month more than the mandatory minimum required by statute. Defendant acknowledged at the plea hearing that he had a ten year mandatory minimum sentence. (Plea transcript p. 16).

## V. MISCELLANEOUS MOTIONS

### A. Motion for Appointment of Counsel

Defendant filed a Motion for Appointment of Counsel on November 4, 2005 (Doc. No. 22). The Court may appoint counsel to a financially eligible person if justice so requires in a § 2255 action. See 28 U.S.C. § 2255; 18 U.S.C. §3006A. Appointment of counsel for a petitioner who qualifies for the appointment of counsel under 18 U.S.C. §3006A is only required in a § 2255 action when necessary for utilization of discovery procedures and when an evidentiary hearing is required. See Rules 6(a) and 8(c) of the Rules Governing Section 2255 cases in the United States District Courts. Upon review of the file, I have concluded that the issues in this matter are not complex, that

this matter does not require discovery or an evidentiary hearing, and that Petitioner has not demonstrated circumstances which demonstrate the need for appointment of counsel. Accordingly, Petitioner's Motion for Appointment of Counsel (Doc. No. 22) is hereby **DENIED**.

**B.** **Motion for Summary Judgment**

Petitioner filed a Motion for Summary Judgment June 27, 2006. In light of this Report and Recommendation, the Motion for Summary Judgment should be **DENIED**.

**C.** **Motion for Default Judgment**

Petitioner filed a Motion for Default Judgment August 30, 2006 because the government did not respond to the petition by May 25, 2005 as directed by the Court. Federal Rule of Civil Procedure 55(e) prohibits a default judgment against the United States unless the moving party establishes a claim or right to relief by evidence satisfactory to the Court. Petitioner has not established his claim. Therefore, the motion should be **DENIED**.

**D.** **Motion to Reduce Sentence**

On November 1, 2006 Petitioner filed a motion styled Motion Writ Amendment in which he asks that his sentence be reduced because he did not receive effective assistance of counsel. Petitioner claims had he received effective assistance of counsel he would have received a lesser sentence. This motion is the same claim as Petitioner's Section 2255 motion and should be denied for the same reasons. Thus, it is recommended this Motion be **DENIED**.

**E.** **Motion for Amended Pleading**

On November 30, 2006 filed a Motion for Amended Pleading. The petitioner did not file the proposed amendments with the Motion. Federal Rule of Civil Procedures 15 provides for amended pleadings to be allowed by leave of court. While these motions are to be liberally

7

construed and there is no clear authority the amended pleading be submitted with the motion, the reasoning of Williams v. Wilkerson, 90 F.R.D. 168, 169-70 (E.D. Va. 1981) is persuasive. Common sense dictates the necessity of having the proposed amendment before the Court. Id.; see also Aponte Torres v. Univ. of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006); Spadafore v. Gardner, 330 F.3d 849, 853 (6th Cir. 2003). The Motion is therefore **DENIED**.

## V. RECOMMENDATION

The undersigned **RECOMMENDS** the Court enter an Order **DENYING** and **DISMISSING** with prejudice petitioner's § 2255 Motion (Doc. No. 15), his Motion for Summary Judgment (Doc. No 23), his Motion for Default Judgment (Doc. No. 24), and his Motion for Reduction in Sentence (Doc. No. 25).

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner.

DATED: March 27, 2007

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE