IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

NATHANIEL BURRESS,

        Petitioner,

v.                                    Civil Action No. 5:05CV37
                                      (Criminal Action No. 5:04CR31)
UNITED STATES OF AMERICA,                          (STAMP)

        Respondent.


## MEMORANDUM OPINION AND ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND DENYING AS MOOT MOTION TO SHOW CAUSE

### I.  Facts and Procedural History

Currently pending before this Court is the report and recommendation by Magistrate Judge James E. Seibert on disposition of Nathaniel Burress's petition to vacate, set aside or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255.  The petitioner, who is appearing pro se,[1] seeks to have his sentence vacated, set aside or corrected because, he contends, he received ineffective assistance of counsel during the prosecution of his case.  Also pending before this Court and ripe for review is the petitioner's motion to show cause why his § 2255 should not be summarily granted.

On November 3, 2004, the petitioner signed a plea agreement by which he agreed to plead guilty to a one-count information charging

_____

        [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1237 (7th ed. 1999).

him with conspiracy to distribute in excess of five grams of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(B). In the plea agreement, the parties stipulated that the total drug relevant conduct was from 35 to 50 grams of cocaine base, also known as crack. Additionally, the petitioner waived his right to appeal and his right to collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> Mr. Burress is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction (or the manner in which that sentence was determined) including any enhancements under Section 4B1.1 of the Guidelines, on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attach [sic], including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The United States waives the right to appeal the sentence of Mr. Burress, if the base offense level is determined to be 30 or greater. The parties have the right during any appeal to argue in support of the sentence.

(Pet'r's Plea Agreement, Doc. 3 at 4.)

On November 16, 2004, the petitioner entered his plea in open court. During the plea hearing, the government presented the testimony of Christopher D. Barbour, a special agent with the Drug Enforcement Administration, to establish a factual basis for the

plea. (Plea Hr'g Tr. at 22-23, Nov. 16, 2004.) The petitioner did not contest the factual basis for the plea. (<u>Id.</u> at 24.)

After the government presented the factual basis of the plea, the petitioner pled guilty to the one-count information. (<u>Id.</u>) The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (<u>Id.</u> at 24-25.) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (<u>Id.</u>) Finally, the petitioner testified that his attorney adequately represented him, and that his attorney had left nothing undone. (<u>Id.</u> at 25-26.)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the one-count information had been established. (<u>Id.</u> at 26.) The petitioner did not object to the Court's finding.

On January 11, 2005, the petitioner appeared before the Court for sentencing. The Court sentenced the petitioner to a term of 121 months of imprisonment and eight years of supervised release.

Subsequently, the petitioner filed a petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. In his petition, the petitioner asserted that he received ineffective assistance of counsel because his attorney failed to argue the petitioner's innocence before the Court; failed to argue that the

statements the petitioner made to law enforcement officials when he was arrested were made while he was under the influence of narcotics and alcohol; failed to explain the plea agreement to him; failed to inform the petitioner that the petitioner could prove his innocence because he did not commit the crime listed in the plea agreement; and allowed the Assistant United States Attorney to continue questioning him until he lied to get them to stop. Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B), this case was assigned to United States Magistrate Judge James E. Seibert for a report and recommendation on disposition of this matter.

By order dated April 25, 2005, the magistrate judge directed the government to answer the petitioner's motion. On June 8, 2005, the government filed its response, to which the petitioner timely replied. The petitioner then filed a number of motions, including a motion to appoint counsel (Doc. 22), a motion for summary judgment (Doc. 23), a motion for default judgment (Doc. 24), a motion to reduce sentence (Doc. 25), and a motion for leave to file an amended pleading (Doc. 28).[2]

Magistrate Judge Seibert issued his report on March 27, 2007, denying the petitioner's motion to appoint counsel and denying the petitioner's motion to amend his pleadings. The magistrate judge also recommended that this Court deny the petitioner's § 2255

---

[2]Subsequently, the petitioner filed two additional motions to amend, both of which were filed after the magistrate judge entered his report and recommendation.

petition, motion for summary judgment, motion for default judgment, and motion for reduction in sentence. The magistrate judge informed the parties that if they objected to any portion of his recommendation, they must file written objections within ten days after being served with a copy of this recommendation.

On April 5, 2007, within the allotted ten-day period, the petitioner filed a second motion to file an amended pleading, which this Court construed the petitioner's second motion to amend as an objection to the magistrate judge's report and denying the petitioner's first motion to amend. In his second motion, the petitioner sought to amend his pleadings to add claims for ineffective assistance of counsel for his attorney's failure to file a notice of appeal, failure to challenge the jurisdiction of the court, failure "to challenge the 'act' charged as that of a felony crime that is listed in a non positive law title and before the enactment of action as a penal offense" and failure to challenge the charges under 21 U.S.C. § 841(a)(1) because it lists no punishment. (Pet'r's Mot. for Leave to File Am. Compl. at 2.)

Finally, on October 1, 2007, the petitioner filed a third motion to amend, styled "Motion to Amend and Add to Title 28 [U.S.C.] § 2255." The petitioner's third motion sought leave to add new arguments in support of his § 2255 petition. Specifically, the petitioner alleged a number of discrepancies and infirmities in the substance and formalities of his plea agreement. First, he

claimed that the plea agreement lacks any signatures on the page containing his "<u>Blakely</u>" waiver.[3]  Second, he contended that the information to which he pled guilty contained a charge for only one criminal offense, conspiracy to violate 21 U.S.C. § 841(b)(1)(B), whereas the court records of the plea and sentencing hearings indicate that the petitioner was charged with two offenses, 21 U.S.C. §§ 841 and 846.  Additionally, the petitioner alleged that the government failed to uphold its bargain in the plea agreement.  As support for this claim, the petitioner alleged that the plea agreement filed did not match the one he signed.  The petitioner's fourth allegation stated that the government falsely informed this Court that the government had no agreements with the petitioner which were not contained within the plea agreement.  Further, the petitioner alleged that the inculpatory statements he made about his own conduct to an agent of the Drug Enforcement Administration while under the influence of narcotics cannot be considered for purposes of sentence enhancement.  Last, the petitioner argued that the government relied upon § 3E1.1 of the Sentencing Guideline as the basis for not recommending a sentence reduction for acceptance of responsibility when, he alleges, the plea agreement refers only to violations under § 3C1.1 as the basis for the government's

---

[3]The "<u>Blakely</u>" waiver refers to the petitioner's waiver of a jury determination of sentencing factors which the United States Supreme Court found to be a protected right under the Sixth Amendment.  <u>See</u> <u>Blakely v. Washington</u>, 542 U.S. 296 (2004).

refusal to recommend a sentence reduction. According to the petitioner, his counsel's failure to object to, or to argue against, each of these alleged infirmities should be deemed ineffective assistance of counsel.

On February 8, 2008, this Court granted the petitioner's second and third motions for leave to amend. The petitioner filed his amendments on February 22, 2008. Magistrate Judge Seibert then issued a report and recommendation on the amended petition, in which he recommended that the petitioner's § 2255 be denied and dismissed with prejudice because he found the allegations in the original petition to be without merit and the allegations in the amended pleadings to be both without merit and untimely. The petitioner filed objections. For the reasons set forth below, this Court agrees with the magistrate judge's findings and, accordingly, will overrule the petitioner's objections and will affirm and adopt the magistrate judge's report and recommendation in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner filed timely

objections insofar as the report and recommendation concerns the petitioner's October 1, 2007 amended pleadings and the petitioner's February 22, 2008 amended pleadings, this Court reviews <u>de novo</u> the magistrate judge's report and recommendation as it relates to these amendments.    Because the petitioner failed to object to the magistrate judge's findings relating to the petitioner's April 5, 2007 pleadings, this Court reviews those portions of the report and recommendation for clear error.

## III.  <u>Discussion</u>

### A.  <u>Relation Back of Petitioner's Amended Claims</u>

A petitioner challenging the validity of his sentence under 28 U.S.C. § 2255 must bring such challenges within one year of the date upon which the petitioner's conviction becomes final.    28 U.S.C. § 2255(a).    However, amended pleadings filed outside the one-year limitation may be considered timely filed if the claims are found to "relate back" to the original pleadings, as provided by Federal Rule of Civil Procedure 15.    To relate back, "the claim or defense asserted in the amended pleading" must arise out of "the conduct, transaction, or occurrence set forth . . . in the original pleading."    Fed. R. Civ. P. 15(c)(2).    It is not enough that a claim in an amended pleading arise out of the same sentencing proceeding as a claim in the original pleading; rather, the "conduct, transaction or occurrence" giving rise to the amended claims must be of the same "time and type" as that giving rise to

the original claim. <u>United States v. Pittman</u>, 209 F.3d 314, 318 (4th Cir. 2000).

In his report and recommendation dated February 27, 2008, the magistrate judge found that the claims the petitioner raised in his amended pleadings were untimely filed because the petitioner raised them more than one year after his conviction became final[4] and because they do not concern the same "time and type" of conduct giving rise to the claims the petitioner raised in his original petition. Specifically, the magistrate judge found that although the petitioner alleged ineffective assistance of counsel in his original and his amended pleadings, only two claims in the amended pleadings arise out of the same conduct, transaction, or occurrence as that giving rise to the original claims concerning ineffective assistance of counsel.[5]

---

[4]In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. <u>Aikens v. United States</u>, 204 F.3d 1086, 1098 n.1 (11th Cir. 2000). For federal prisoners, the time for filing a direct appeal expires ten days after the written judgment of conviction is entered on the criminal docket. <u>See</u> Fed. R. App. P. § 4(b)(1)(A)(I),(6). Petitioner's judgment and commitment order was filed January 13, 2005. Petitioner therefore had until January 23, 2005 to file a direct appeal. Because petitioner did not file a direct appeal, his conviction became final on January 23, 2005.

[5]The two claims that qualify for relation back are, first, that counsel was ineffective for failing to object to the omission of reference to 21 U.S.C. § 846 in the information or the plea agreement, and, second, that counsel was ineffective for failing to object to the use of the petitioner's purportedly involuntary statements to the United States Attorney and to an agent of the Drug Enforcement Agency. These claims do not require analysis under the "relation back" rule because the petitioner raised them

Additionally, the magistrate judge found that the petitioner's claims in his October 1, 2007 amendment concerning error by the government, infirmities in both the plea agreement and the information, the voluntariness of the petitioner's statements to law enforcement officials, and the lack of mention in the information or plea agreement of 21 U.S.C. § 846 fail to meet the "relation back" test. The magistrate judge observed that even though the petitioner's allegations in his amended petition serve as the underlying premise for two ineffective assistance of counsel claims raised by the petitioner in his original pleading, the conduct at issue in the original pleading does not share the same time and type of conduct in the amended pleadings to warrant relation back. Consequently, the magistrate judge concluded, relation back is inappropriate.

Finally, the magistrate judge found that the petitioner's allegations in the February 22, 2008 amendment concerning the government's conduct and the failure of the petitioner's counsel to object to the government's conduct do not share a common conduct, transaction or occurrence with any claim the petitioner raised in his original petition. Accordingly, the magistrate judge recommended that all of the claims the petitioner raised in his amended pleadings be denied and dismissed as untimely.

---

in his original complaint and, therefore, they are considered on the merits.

In his objections to this portion of the magistrate judge's report and recommendation, the petitioner argues that his amended claims are timely because the one-year limitation imposed by 28 U.S.C. § 2255 begins to run from the latest of four possible dates, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(d).

The petitioner contends that the "due diligence" provision applies to his amended claims because he has had no legal training and was ignorant of the law at the time of his conviction. Consequently, he argues, the relation back date should be tolled to the date of his first properly filed leave to amend, that is, until October 1, 2007.

The petitioner's reliance on the "due diligence" provision is misplaced. That provision allows a different date to start the limitations period where the facts supporting the claim or claims could have been discovered through due diligence. Here, the facts supporting the petitioner's claim were known, or could have been discovered through due diligence, at the time the petitioner filed his initial petition. That he was unfamiliar with the law is immaterial to the limitations period imposed by § 2255. Consequently, the one-year limitations period in his case began to run on the date his conviction became final.

The petitioner also argues that, even if the one-year time limit applies from the date upon which the judgment of conviction became final, all of his amended claims do relate back. The petitioner states that the amendments he filed on October 1, 2007 raise five points.[6] The magistrate judge found that two of the claims--the one concerning the omission of reference to 21 U.S.C. § 846 in the information and the plea agreement and the one concerning the use of the petitioner's statements to law enforcement officials while he was allegedly under the influence of narcotics--relate back. According to the petitioner, the magistrate judge erred in finding that the remaining claims are not of the same time and type of conduct as that giving rise to the petitioner's claims in his original petition.

1. <u>Claims Raised in the Petitioner's October 1, 2007 and February 22, 2008 Amendments</u>

Upon a <u>de novo</u> review of the record, the pleadings, and the relevant law, this Court agrees with the magistrate judge that, except for those claims concerning the § 846 omission and those concerning the petitioner's statements made while he was allegedly under the influence of narcotics, the claims raised in the petitioner's October 1, 2007 and February 22, 2008 amendments do not relate back to the petitioner's original petition.

---

[6]The magistrate judge identified and considered six arguments.

a.  Discrepancy in the Number of Paragraphs in the Plea Agreement

The petitioner's first argument--that the plea agreement contained only thirteen paragraphs, whereas the government stated at the plea hearing that it contained fourteen paragraphs--fails to concern the same time and type of conduct, transaction or occurrence giving rise to the petitioner's original claims.  The petitioner attempts to persuade this Court that his counsel's failure to object to this discrepancy should relate back to the claim he made in the original petition, by way of his June 29, 2005 reply brief, concerning the omission of any reference to 21 U.S.C. § 846 because both claims concern his counsel's failure to object to faults in the plea agreement.  This attempt must fail because the § 846 claim in the original petition concerns the voluntariness of the petitioner's plea of guilty to the crime charged, but his claim concerning the discrepancy in the number of paragraphs in the plea agreement relates to the completeness of the agreement.  This claim is therefore untimely.

b.  Sentence Reduction for Cooperation with the Government

In his second contention of error, the petitioner asserts that his argument that the missing paragraph fourteen from the plea agreement voids the agreement in its entirety should relate back to the claim in his original petition that his counsel was ineffective

for failing to argue for a sentence reduction on the basis of the petitioner's cooperation with the government. This argument lacks merit. The claim in the original petition is an assertion that his counsel was ineffective. The claim in the amended pleadings is that the plea agreement should be deemed void. The link the petitioner urges this Court to make is far too tenuous to warrant relation back. Consequently, this claim is untimely.

      c. <u>Sentence Reductions for Timely and Complete Acceptance of Responsibility</u>

      The petitioner also alleges that the magistrate judge conducted a faulty analysis concerning relation back of the petitioner's claim that the government violated the plea agreement by declining to make sentencing recommendations and that it should be required to adhere to the terms and conditions set forth in the plea agreement. According to the petitioner, this claim should relate back to the claim he made in his original petition, by way of his June 29, 2005 reply brief, that his counsel failed to argue that the petitioner should have been granted the points for reduction of his sentence as promised by the government in the plea agreement. Although the petitioner does state in his amended claim that his counsel failed to argue that the government had, in his belief, violated the terms of the plea agreement, the petitioner's original claim asserted a different argument, namely that his counsel was ineffective for failing to argue that the petitioner

remained eligible for a sentence reduction. Thus, in the original petition, the conduct giving rise to the petitioner's claim was that of his attorney, whereas the conduct giving rise to the claim in his amended petition was that of the government. These claims are not of the same time and type. This Court finds that the amended claims raised in the petitioner's October 1, 2007 and February 22, 2008 pleadings do not relate back to the original petition and are therefore untimely.

2. <u>Claims Raised in the Petitioner's April 7, 2007 Amendments</u>

The petitioner does not object to the magistrate judge's findings that the claims he raised in his April 5, 2007 pleadings fail to relate back to his original petition. After reviewing the magistrate judge's report and recommendation for clear error, this Court concludes that the petitioner's April 5, 2007 claims do not arise from the same conduct, transaction or occurrence which gave rise to the claims asserted in the original petition. Accordingly, these claims do not relate back and are therefore untimely.

B. <u>Ineffective Assistance of Counsel</u>

The magistrate judge also recommended that the petitioner's § 2255 petition, as amended, be denied because the petitioner has failed to demonstrate that his counsel's performance was so seriously deficient that the petitioner suffered prejudice as a result. The petitioner objects to the magistrate judge's findings.

15

This Court, upon <u>de novo</u> review of the record and pleadings relating to that portion of the report and recommendation on the petitioner's seven allegations of ineffective assistance of counsel, concludes that the petitioner's claim of ineffective assistance of counsel must fail.

The United States Supreme Court decision <u>Strickland v. Washington</u> provides that an ineffective assistance of counsel claim must show that defense counsel committed such serious errors as to prejudice the defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984) ("<u>Strickland</u>").[7] A defendant who alleges ineffective assistance of counsel after entering a guilty plea must show a reasonable probability that absent counsel's error, the defendant "would not have pleaded guilty and would have insisted on going to trial." <u>Hill v. Lockhart</u>, 474 U.S. 52, 59 (1985). The deficiency of counsel's performance is measured against an objective standard of reasonableness. <u>Strickland</u>, 466 U.S. at 687. Thus, the petitioner must show that his counsel's performance was objectively

---

[7]The petitioner, without providing citation, refers to a case styled <u>Nichols v. United States</u> for the proposition that <u>Strickland</u> is no longer good law. This Court believes that the petitioner is referring to a case out of the United States Court of Appeals for the Sixth Circuit, <u>Nichols v. United States</u>, 501 F.3d 542 (6th Cir. 2007), *reh'g en banc granted*, opinion *vacated*, which held that counsel's failure to preserve the claim that the then-mandatory Sentencing Guidelines violated his client's Sixth Amendment right to a jury trial constituted ineffective assistance of counsel. However, the Sixth Circuit, sitting *en banc*, vacated <u>Nichols</u> on January 3, 2008. In any event, whereas the case law of the Sixth Circuit may serve as persuasive value in this Court, <u>Strickland</u> is binding precedent.

deficient to such an extent that the petitioner's defense was prejudiced and that but for his counsel's errors, the petitioner would not have entered into a plea agreement and would have insisted on having his case tried before a jury.

The magistrate judge observed that at the plea colloquy, the terms of the plea were summarized; the petitioner testified that he had reviewed the plea agreement with his attorney before signing it and agreed with the terms presented therein; that he understood the guilty plea carried with it a minimum sentence of ten years; that he fully understood the consequences of his plea; that he had no corrections or additions to the factual basis--as presented by the government--for the plea; and that his attorney had adequately and effectively represented him and had left nothing undone. Further, the magistrate judge observed that the petitioner testified that he had no defense to the charge in the one-count information and that he was, in fact, guilty of the crime charged. This Court observes, further, that the petitioner testified that he understood the one-count information was a charge of conspiracy to distribute in excess of five grams of cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846 and that he signed a waiver of indictment listing the charge of cocaine conspiracy in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846.

At the sentencing hearing, this Court addressed a letter which the petitioner had submitted requesting new counsel. The

petitioner argued that he had not understood all of the elements of the plea agreement and that he was under the influence of narcotics when he made certain inculpatory statements to the government and to law enforcement officials. However, the petitioner stated that he was not seeking to withdraw his guilty plea and he again admitted that he was guilty of the crime charged. Based upon the foregoing, this Court finds that the alleged failures of the petitioner's counsel simply do not demonstrate that his counsel's performance was so deficient--if deficient at all--as to prejudice the petitioner's defense. Accordingly, this Court will affirm and adopt the magistrate judge's report and recommendation in its entirety.

## IV. <u>Conclusion</u>

For the reasons stated above, this Court hereby OVERRULES the petitioner's objections and AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, it is ORDERED that the petitioner's § 2255 petition be DENIED and DISMISSED WITH PREJUDICE. It is further ORDERED that the petitioner's motion to show cause be DENIED AS MOOT. It is also further ORDERED this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk

of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:     March 28, 2008


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE